UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEMONAE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00654-TWP-MG |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| C. COOKE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment filed by Defendants Dushan Zatecky and C. Cooker (collectively "Defendants") (Dkt. 26). Plaintiff Demonae Lewis ("Lewis")—an inmate in the custody of the Indiana Department of Correction ("IDOC")—filed this action under 42 U.S.C. § 1983, alleging that the amounts of restitution he was ordered to pay in four prison disciplinary cases were not supported by sufficient evidence. *See* dkt. 16 (Screening Order). Defendants seek judgement as a matter of law, asserting that Lewis failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), before filing this suit. For the reasons explained below, that motion is **denied**.

## I.       SUMMARY JUDGMENT STANDARD

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving

1

party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).

## II.   BACKGROUND

### A.    Grievance Process

During the time period relevant to this lawsuit, the IDOC maintained an Offender Grievance Process, which is the only process recognized by the IDOC. Offender Grievance Process ("Grievance Process"), dkt. 27-2.  The relevant Grievance Process consists of three steps, *id.* at 3, but it is undisputed that Lewis did not use any of them. Indeed, he admitted as much in his complaint when he stated that he did not file a grievance because this case involves issues that are not grievable, dkt. 1 at 4. Thus, Defendants' summary-judgment motion turns on whether the issues in this case were subject to the Grievance Process.

The Grievance Process includes a list of "Matters Appropriate to the Offender Grievance Process," including "[a]ctions of individual staff" and "[a]ny other concerns relating to conditions of care or supervision within the [IDOC] . . . , except as noted in this policy and administrative procedure." Dkt. 27-2 at 3. The Grievance Process also includes a list of non-grievable issues, including "[d]isciplinary actions or decisions (a separate disciplinary appeal process is in place for this purpose.)" *Id.* at 4.  The Grievance Process also explains, "An offender may not grieve the procedure used in disciplinary proceedings or grieve a finding of guilt." *Id.* at 10. Defendants did not provide any information about the separate disciplinary appeal process applicable to

complaints about disciplinary actions or decisions. They also did not provide any information about Lewis's attempts to use the disciplinary appeal process, although, in his complaint, he stated under penalty of perjury that he "filed disciplinary appeals about the sanctions and the evidence and never got any type of responses back." Dkt. 1 at 2.

### B.      Lewis's Allegations

Because this case turns on whether the claims in this lawsuit were subject to the Grievance Process, the Court summarizes Lewis's allegations. These facts are taken from his verified complaint, which is in the record as Docket No. 1:

In disciplinary case number 20-05-0105, Lewis was required to pay restitution for an assault on a staff member. Defendant Sergeant Cooke said that the medical bills were $527.37, but Lewis was not given a copy of the medical bill on confidentiality grounds. Lewis believes that Sergeant Cooke lied about the amount of the medical bills. Defendant Warden Zatecky approved the restitution sanction without proper evidence, and Lewis had money taken out of his account on April 8, 2021.

In disciplinary case number 19-06-0152, Lewis was required to pay restitution for an assault on a staff member. Sergeant Cooke said that Lewis's restitution would be $200 or less, but Lewis was charged $284.00. No medical bill was ever provided, and Warden Zatecky approved the restitution sanction without proper evidence. Lewis had money taken out of his account for this charge on April 8, 2021.

In disciplinary case numbers 20-05-0124 and 20-05-0024, Lewis was charged with an assault on staff. He was ordered to pay restitution but was not charged for medical bills. Instead, he was charged $12.00 for an Aramark tray in each case. He did not break, destroy, or alter any trays, and he was not written up for such conduct. And—in any event—the trays in question were

taken back to the kitchen and are still being used to serve meals. Sergeant Cooke is the person who imposed these charges. Warden Zatecky approved the $12.00 charges without evidence, and Lewis had money taken out of his account for these charges on April 8, 2021.

### III.  DISCUSSION

Defendants seek summary judgment and argue that Lewis failed to exhaust his available administrative remedies as required by the PLRA. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524–25 (2002). Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotation omitted). Proper use of the facility's grievance system requires an inmate "to file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Moreover, "[b]ecause exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015); *see also Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

As explained, it is undisputed that Lewis failed to exhaust the procedures set forth by the Grievance Process with respect to the issues raised in this lawsuit. But the Grievance Process itself states that it cannot be used to contest disciplinary decisions or the procedures used in disciplinary procedures, which is exactly what Lewis is doing in this lawsuit. Defendants submitted an affidavit from Grievance Specialist Christina Conyers, in which she makes the conclusory statement that the issues raised in this lawsuit were grievable under the Grievance Process because the actions of

staff are grievable issues. Dkt. 27-1 ¶ 24. But Defendants fail to mention the portions of the policy that exempt disciplinary decisions and procedures from the Grievance Process, let alone explain why those portions do not apply to the issues raised in this lawsuit. There is apparently another process available to pursue such complaints, but Defendants did not provide the Court with any information about the process or explain whether Lewis exhausted it. Exhaustion is an affirmative defense, and these failures mean that Defendants have failed to carry their burden to show that Lewis failed to pursue an available alternative remedy.

## IV.  CONCLUSION

Accordingly, Defendants' motion for summary judgment on the issue of exhaustion, dkt. [26], is **denied**.  Defendants shall have through **August 21, 2023**, to inform the Court whether they wish to withdraw their exhaustion defense or proceed to a *Pavey* hearing. The failure to respond by that deadline will be interpreted by the Court as a withdrawal of the exhaustion defense.

The **clerk is directed**  to updated Lewis's address consistent with the Distribution, below.

**IT IS SO ORDERED.**

Date: 7/25/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DEMONAE LEWIS
178250
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 W. Reformatory Rd.
Pendleton, IN 46064

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com